11-2847-cv
Lamar v. Inst. for Family Health

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of July, two thousand twelve,

Present:     JON O. NEWMAN,
             RALPH K. WINTER,
             ROSEMARY S. POOLER,
                     *Circuit Judges*.
_____

STACEY LAMAR,

                     *Plaintiff-Appellant*,

              -v-                                          11-2847-cv

INSTITUTE FOR FAMILY HEALTH, JOHN MCANDREW, DR.,

                     *Defendant-Appellees*.
_____

Appearing for Appellant:      Russell A. Schindler, Kingston, N.Y.

Appearing for Appellee
(Institute for Family Health): Jack Babchik (Siobhan A. Healy, *on the brief*), Babchik & Young LLP, White Plains, N.Y.

Appearing for Appellee
(John McAndrew, Dr.):         Gino A. Zonghetti, *on the brief*, Kenny & Zonghetti, LLC, New York, N.Y.

Appeal from a judgment of the United States District Court for the Northern District of New York (D'Agostino, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Stacey Lamar appeals from an order of the district court granting summary judgment in favor of the Institute for Family Health (the "Institute"). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Even if we assume, *arguendo*, that a reasonable jury could conclude that Lamar's complaints—made prior to her providing her employer with a letter, dated January 26, 2009, from her psychiatrist—were sufficient to put the Institute on notice that she believed John McAndrew's alleged misconduct amounted to sexual harassment, we agree with the district court's conclusion that Lamar's lengthy delay in reporting such harassment was, as a matter of law, unreasonable, given that she alleges that the harassment began as early as 2006.

Therefore, we conclude that the district court properly granted summary judgment in the Institute's favor on the basis that the Institute was, as a matter of law, entitled to an affirmative defense against liability. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 807-08 (1998).

Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2